UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONELL DAVIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-02876-SEB-MJD |
| WENDY KNIGHT, | ) ) ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Donell Davis petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 19-05-0158. For the reasons explained in this Order, Mr. Davis's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On May 10, 2019, Indiana Department of Correction (IDOC) Correctional Officer A. Boles wrote a Report of Conduct charging Mr. Davis with interfering with staff, a violation of the IDOC's Adult Disciplinary Code offense B-252. The Report of Conduct states:

> On 5/10/19 at approx. 11:20 AM I, Officer A. Boles witnessed Offender Davis, Donnell #201463 (B/M) (25B-4A) come out of cell 11-2A, which is not his bed location. At this time I started counting the chow line going out for sack lunches. He started to head toward the door. At this time I said, "Hey come here." He ignored my order. He walked up into the control area of the unit, I followed him, and told him to get out of the line. At this time he complied with my order, and got out of the chow line. Ofd. Davis then asked, "What is the problem?" I replied, "You do not live on the 2 range. You live on the 4 in 25B-4A." He then stated, "I'm glad you know where I live." I then escorted him back to his appropriate cell. Because I had to stop by count, and put him back in his appropriate cell Ofd. Davis is in violation of code 252: Interfering with staff duties.

Dkt. 6-1.

Mr. Davis was notified of the charge on May 15, 2019, when he received the Screening Report. Dkt. 6-2. He pled not guilty to the charge and requested the surveillance video recording, but did not request witnesses or other evidence. *Id.*

A hearing was held on June 3, 2019. Dkt. 6-3. The disciplinary hearing officer (DHO) viewed the video and reported that Mr. Davis was "clearly . . . seen trying to exit the unit." Dkt. 6-4. Mr. Davis's statement was that he had "come back from medical. [Officer Boles] was letting the range out. I was just trying to get a request slip. [Officer Boles] didn't say my name." Dkt. 6-3. The DHO considered Mr. Davis's statement, the staff reports, and the video and found Mr. Davis guilty of interfering with staff. The sanctions imposed included sixty-day earned-credit-time deprivation. *Id.*

Mr. Davis appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 5 & 6. Both levels of appeal were denied. *Id.* Mr. Davis thereafter brought this petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting he was denied due process of law during the disciplinary hearing.

**C.     Analysis**

Mr. Davis seeks habeas corpus relief because (1) his name is spelled incorrectly on the conduct report; (2) the date he was notified of the charge is different on the conduct report and the screening report; and (3) video evidence shows that he committed an offense other than interfering with staff. Dkt. 1 at 3-5.

**Grounds 1 and 2.**

The Warden asserts that Mr. Davis failed to exhaust his administrative remedies on his first two grounds for relief and therefore has procedurally defaulted on those grounds. Dkt. 6 at 5. The Warden argues in the alternative that neither of the first two grounds for relief are cognizable federal due process claims. *Id.* at 7.

The Court need not address the procedural default issue because it is more judicially expedient resolve these two issues on the basis that neither presents a federal due process claim. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

Neither of Mr. Davis's first two grounds present a federal due process claim. The misspelling of Mr. Davis's first name as "Donnell" when the correct spelling is "Donell" is a simple scrivener's error. It did not prejudice Mr. Davis. The identity of the person being charged with the rule violation was never in question. The same is true for the second ground for relief.

3

The difference in dates could be a scrivener's error, or they could be correct dates that Mr. Davis has misinterpreted. In any event, no prejudice occurred. Mr. Davis was given notice of the charge more than twenty-four hours before the disciplinary hearing. *See* dkts. 6-2 & 6-3. Any possible error is harmless. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (applying harmless error doctrine to prison disciplinary proceedings); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

Moreover, if these simple errors were not in accordance with IDOC policies, practices, or procedures – and Mr. Davis has not cited to any such provisions – they are matters of state law or institutional rules and do not create federal due process rights. *See Williams v. Hyatte*, 770 F. App'x 285, 286 (7th Cir. 2019) (holding that "a violation of prison policy is a state-law matter and thus cannot provide a basis for federal habeas relief") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 & n.2 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

**Ground 3.**

Mr. Davis's argument that he actually committed the disciplinary code offense of being out of place does not call into question whether he also interfered with staff. *See* dkt. 1 at 5. Both offenses could have been committed concurrently. Office Boles chose to charge Mr. Davis with interfering with staff, and this Court's role in habeas corpus review is not to second guess the election of available charges, but only to examine whether due process was provided on the charge that was pursued. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review,

a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

If Mr. Davis's argument is construed as challenging the sufficiency of the evidence, that argument fails on the merits. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There is "some evidence" in the record to support the interfering with staff charge. The conduct report alone is sufficient evidence. *Isby-Isreal v. Finnan*, 347 F. App'x 253, 254 (7th Cir. 2009) (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)). The video evidence was also "some evidence," and Mr. Davis's statement, in which he did not directly deny Officer Boles' version of the events, is also "some evidence" to support the DHO's decision.

Mr. Davis's third ground for relief is without merit.

**D.     Conclusion**

For the reasons just explained, none of the three grounds for habeas corpus relief asserted by Mr. Davis have merit. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any

5

aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Davis to the relief he seeks. Accordingly, Donell Davis's petition for a writ of habeas corpus challenging prison disciplinary sanctions imposed in disciplinary case number CIC 19-05-0158 is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

     **IT IS SO ORDERED.**

Date: 4/8/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donell Davis
201463
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov